UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BROWN UNIVERSITY,<br><br>*Defendant.* | CLASS ACTION<br><br>C.A. No. 1:21-cv-00325-JJM-PAS<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS
JANE DOE 1 AND JANE DOE 2 TO PROCEED UNDER PSEUDONYM**

Plaintiffs Jane Doe 1 ("Jane 1") and Jane Doe 2 ("Jane 2," and, collectively with Jane 1, "Plaintiffs"), by and through the undersigned counsel, submit this Motion to Proceed Under Pseudonym and seek an order of the Court permitting them to proceed in the above-captioned case as pseudonymous plaintiffs "Jane Doe 1" and "Jane Doe 2." Along with four other women, Plaintiffs filed a First Amended Class Action Complaint ("Amended Complaint") against Brown University ("Brown" or the "University") alleging, among other things, that Brown violated Title IX and state law by mishandling reports of sexual misconduct, assault and harassment at the University. Plaintiffs are survivors of such conduct and each reported the conduct to Brown. Both Plaintiffs are current students of the University, routinely on campus, and will continue to be on campus throughout the pendency of this litigation. To prevent harm to their mental health, reputation, and career prospects, Plaintiffs respectfully seek leave of this Court to protect their true identities from public disclosure at this time.

I.      STATEMENT OF FACTS

    A.      JANE 1

Jane 1 is a current student at Brown, residing on campus in University housing. Amended Compl., ECF Doc. 15, ¶ 211; Ex. A, at ¶ 4. During her Fall 2020 and Spring 2021 semesters at Brown, Jane 1 was enrolled in the Applied Music Program (AMP). Amended Compl., ECF Doc. 15, ¶ 211; *see* Ex. A, at ¶ 5. Jane 1 reported sexual harassment perpetrated against her by a professor to Brown on or about November 11, 2020 and to Brown's Title IX Office on or about March 30, 2021. Amended Compl., ECF Doc. 15, ¶¶ 216, 224); Ex. A, at ¶ 6. Jane 1 left the AMP after the Spring 2021 semester. Amended Compl., ECF Doc. 15, ¶ 238; Ex. A, at ¶ 7. Jane 1 would have continued in the program but felt unsafe. Amended Compl., ECF Doc. 15, ¶¶ 216-240); Ex. A, at ¶ 7.

Jane 1 has a significant interest in maintaining her privacy and in avoiding any public association between herself and the professor she references in the Amended Complaint. *Id*. at ¶ 9. Given the highly sensitive and personal nature of the sexual harassment perpetrated against her, Jane 1 believes that proceeding with this lawsuit under her real name will cause immediate and irreparable effect on her reputation, future educational and employment opportunities, and personal relationships. *Id*. at ¶ 10. Jane 1's public identification would needlessly interfere with her efforts to process, cope with, and recover from the conduct described in the Amended Complaint. *Id*. at ¶ 11. Jane 1 is also concerned about her public safety. *Id.*

Moreover, because she is still a Brown student and currently resides on Brown's campus, Jane 1 is concerned that she may suffer retaliation and reputational harm if her true identity is revealed. *Id*. at ¶ 12. Jane 1 also worries that her family will suffer severe emotional distress if her name is publicly disclosed. *Id*. at ¶ 13. Jane 1 has taken great care to protect the nature of

her identity and has no revealed her identity or otherwise sought publicity in this matter. *Id*. at ¶ 14.

**B.      JANE 2**

Jane 2 is a current Doctor of Philosophy ("PhD") student in the Department of Religious Studies (the "Department") at Brown. Amended Compl., ECF Doc. 15, ¶ 241; Ex. B, at ¶ 3. As part of her PhD completion requirements, Jane 2 currently teaches undergraduate students in the Department at Brown. *Id.* at ¶ 4. On or about September 18, 2019, Jane 2 filed a Formal Complaint with Brown's Title IX Office regarding sexual harassment and assault she experienced from another student in the Department. Amended Compl., ECF Doc. 15, ¶ 248; Ex. B, at ¶ 6. Thereafter, Jane 2 obtained a No Contact Order against her assaulter, which is still in effect. *Id.* at ¶ 7. The sexual harassment perpetrated against Jane 2 led to her taking a leave of absence from Brown, missing the Spring 2020 semester, and, since her return, has caused her to limit her presence on Brown's campus to only her teaching responsibilities. Amended Compl., ECF Doc. 15, ¶¶ 261-262; Ex. B., at ¶¶ 7-8.

Jane 2 has a significant interest in maintaining her privacy and in avoiding any public association between herself and her assaulter. *Id*. at ¶ 10. Given the highly sensitive and personal nature of the sexual harassment perpetrated against her, Jane 2 believes that proceeding with this lawsuit under her real name will cause immediate and irreparable effect on her reputation, future educational and employment opportunities, and personal relationships. *Id*. at ¶ 11. Jane 2's public identification would needlessly interfere with her efforts to process, cope with, and recover from the conduct described in the Amended Complaint. *Id*. at ¶ 11.

Jane 2 is also concerned about her public safety. *Id*. Because she is still a Brown student and currently teaches classes on Brown's campus as part of her education requirements, Jane 2 is concerned that she may suffer retaliation and reputational harm if her true identity is revealed.

*Id*. at ¶ 13.  Jane 2 also worries that her family will suffer severe emotional distress if her name is publicly disclosed.  *Id*. at ¶ 14.  Jane 2 has taken great care to protect the nature of her identity and has not revealed her identity or otherwise sought publicity in this matter.  *Id*. at ¶ 15.

## II.     LEGAL ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 10(a) & 17(a)(1).  However, courts "approve[] of litigating under pseudonym in certain circumstances" in order to protect plaintiffs who appear in federal court.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); *see also Roe v. Wade*, 410 U.S. 113, 124 (1973) (hearing case with pseudonymous plaintiff without criticism); *Doe v. Bolton*, 410 U.S. 179, 187 (1973) (same).  "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court."  *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008).  To proceed anonymously, a plaintiff must demonstrate "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Macinnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005) (internal quotation marks and citations omitted); *cf. Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 72 (1st Cir. 2011).

While the First Circuit has not developed a test to assess whether a plaintiff should be permitted to proceed under a pseudonym, courts in this district have applied the Third Circuit's "multifactor test" established in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011).  *See Doe v. Trustees of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *5 (D.N.H.. May 2, 2018) (applying the Third Circuit's test because it "is consistent with the overall aim of the First Circuit's framework for sealing judicial records, insofar as the district court must proceed from

the presumption of an open litigation process and may only limit such access in compelling circumstances.").

Under the Third Circuit's test, the Court must consider:

(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; ... (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.... [(7)] the universal level of public interest in access to the identities of litigants; [(8)] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [(9)] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Doe v. University of Maine System*, 2020 WL 981702, at *4 (D. Me. Feb. 20, 2020) (alternations in original) (quoting *Megless*, 654 F.3d at 409). "The core issue in the Third Circuit's test is 'whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation.'" *Id.* (quoting *Megless*, 654 F.3d at 408).

Here, these factors strongly favor permitting Plaintiffs to proceed under their pseudonyms.

***First***, Plaintiffs have taken measures to keep their identities secret. Neither Jane 1 nor Jane 2 has revealed their identity or otherwise sought publicity in this matter and their involvement in Brown's Title IX process was confidential. Accordingly, the identities of Jane 1 and Jane 2 have not been revealed and the first factor is satisfied.

***Second***, Plaintiffs have compelling bases for proceeding pseudonymously. Jane 1 is currently on Brown's campus as an undergraduate student in her junior year. Jane 1 reported to Brown's Title IX Office sexually harassing comments made by her supervising professor in the

5

AMP.  Amended Compl., ECF Doc. 15, ¶¶ 214, 234.  Upon information and belief, this professor continues to teach at the University and within the AMP.  Similarly, Jane 2 is a current doctoral student at Brown.  As part of her doctoral program, Jane 2 teaches on Brown's campus.  Jane 2 reported being sexually assaulted by an older Brown doctoral student to Brown's Title IX Office.  *Id.* at ¶¶ 243, 248.  Jane 2 maintains a No Contact Order against her assaulter and remains fearful of him as he remains on campus.  *Id.* at ¶¶ 263-264.  Moreover, as both Plaintiffs are survivors of sexual assault and harassment, both continue to suffer the effects of the trauma they experienced at Brown.

Where a moving party evidences anticipated psychological damage if her identity is disclosed, "courts generally find a risk of retaliatory harm." *Doe v. Sessions*, No. CV 18-0004 (RC), 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018); *see also Cabrera*, 307 F.R.D. at 7 ("[P]ublic disclosure of the plaintiff's true identity is very likely to result in psychological trauma."). "Were the Court to force the plaintiff to reveal her identity, [it] would risk undermining the psychological treatment the plaintiff has already undergone since the alleged incident and potentially retard the progress the plaintiff has made." *Id.*; *see also Spoa*, 2013 WL 5634337, at *3 (holding public disclosure of plaintiff's legal name in sexual harassment suit would "pose[] needless risk of mental harm"); *De Amigos*, 2012 WL 13047579, at *2.

Here, the risk of further emotional harm to Plaintiffs strongly weighs in favor of shielding their identities from public disclosure.  If Jane 1 and Jane 2 must litigate this case using their real names, not only is there a high probability that their reputations may be significantly harmed, but also there is a great risk that their future educational and employment prospects will be harmed and that their families could suffer severe emotional distress.  *See* Ex. A, ¶¶ 10, 13; *see* Ex. B, ¶¶ 11, 14.

Indeed, there has already been substantial press relating to this litigation.[1] "[C]ases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Dartmouth*, 2018 WL 2048385, at *6 (quoting *Doe v. Colgate Univ.*, No. 5:15–cv–1069, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016)). Accordingly, federal courts have shielded parties from such harm. *Dartmouth*, 2018 WL 2048385, at *7; *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) (expressing "grave concern that [public identification] could exacerbate any psychological issues the plaintiff is currently experiencing"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 197 (E.D.N.Y. 2006) (recognizing that internet technology can magnify retaliatory harms, particularly by facilitating community ostracism). This factor, therefore, weighs in favor of pseudonymity.

***Third***, forcing Plaintiffs to reveal their names would deter similarly-situated litigants from litigating similar claims that are important issues of public concern. *Univ. of Maine*, 2020 WL 981702, at *6 (citing *Megless*, 654 F.3d at 410). The third factor thus weighs in favor of pseudonymity. *See Colgate Univ.*, 2016 WL 1448829, at *2-3 (noting the "potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations"); *Dartmouth*, 2018 WL 2048285, at *6 (acknowledging *Colgate*).

***Fourth***, the public interest in learning the identities of Plaintiffs is minimal, as each is a "private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J.

---

[1] https://www.nbcnews.com/news/us-news/brown-university-accused-lawsuit-failing-protect-women-sexual-misconduct-n1276486 (last accessed February 2, 2022); https://www.browndailyherald.com/article/2021/08/students-alums-file-federal-class-action-lawsuit-against-brown-claiming-u-fails-to-protect-students-from-sexual-violence (last accessed February 2, 2022); https://www.bloomberg.com/news/articles/2021-08-09/brown-accused-of-downplaying-endemic-sexual-violence-on-campus (last accessed February 2, 2022); https://msmagazine.com/2021/08/13/brown-university-class-action-lawsuit-sexual-misconduct-assault-harassment/ (last accessed February 2, 2022); and https://www.wbur.org/news/2021/08/09/brown-lawsuit-sexual-misconduct-failure (last accessed February 2, 2022).

2014). Further, the "proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation." *Id.* The public interest in favor of permitting anonymity therefore outweighs any general public interest in open legal proceedings. *See, e.g., Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997). Thus, the fourth factor weighs in favor of pseudonymity.

*Fifth*, Plaintiffs have a strong interest in maintaining confidentiality and are unlikely to pursue their claims if this Court denies their the right to proceed pseudonymously. This weighs in favor of pseudonymity. *Dartmouth*, 2018 WL 2048385, at *6.

*Sixth*, Plaintiffs have no "nefarious reasons" for seeking to use a pseudonym. *Id*. In their Declarations, Jane 1 and Jane 2 have set forth compelling reasons for seeking to proceed under pseudonyms. *See* Ex. A and Ex. B. Furthermore, this motion is not brought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant." *Provident Life & Accident Ins.*, 176 F.R.D. at 469. Plaintiffs consulted Defendant prior to filing of this motion. Additionally, the parties can enter into a protective order that ensures Brown is not prejudiced in discovery or in its ability to defend the case. This factor weighs in favor of pseudonymity.

*Seventh*, this litigation concerns policies and procedures of a private college relating to reports of sexual misconduct, assault, and harassment. Brown is "not an ordinary private party, with interests relating solely to its personal life and business reputation," but, rather, a university "organized [] to perform an important, public service"—educating young people. *See EW v. New York Blood Center*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). Therefore, this case is more "analogous to one involving a government defendant, where personal anonymity is more readily

granted because of the existence of a public interest in the action and a lesser interest in personal reputation." *Id.* This factor also weighs in favor of pseudonymity.

***Eighth***, Plaintiffs are not public figures and "the public's interest in the subject matter of, or any proceedings relating to, this litigation, will not be impeded merely because [their identities are] kept private." *Dartmouth*, 2018 WL 2048385, at *7 (citing *Doe v. Purdue*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) ("The actual identities of Plaintiff and his accuser are of minimal value to the public.")). This is especially true where, as here, the subject matter of the proceedings involves highly sensitive and intimate facts. *See also Doe v. Va. Polytechnic Inst. & State Univ.*, No. 19-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (finding that allegations of sexual misconduct "involve sensitive and highly personal facts"); *Purdue*, 321 F.R.D. at 342 (stating that "this litigation requires the disclosure of 'information of the utmost intimacy,' . . . including information regarding Jane Doe's allegations of sexual misconduct, and the details of the University's findings"); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (stating that "the litigation here focuses on 'a matter of sensitive and highly personal nature'"). This factor weighs in favor of anonymity.

Last, the ***ninth*** factor is not expected to an issue at this time. Plaintiffs have conferred with Defendant concerning this Motion and do not believe Defendant will oppose at this time, but rather reserve the right to revisit any pseudonym allowance at a later time in the proceedings.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs have demonstrated that a majority of the *Megless* factors weigh in favor of pseudonymity. Accordingly, Plaintiffs respectfully request that this Court grant this motion.

Respectfully submitted,

Dated:  February 4, 2022

**GRANT & EISENHOFER P.A.**

*/s/ Kimberly A. Evans*
Kimberly A. Evans (*Pro Hac Vice*)
Samuel Mukiibi (*Pro Hac Vice*)
Carla Agbiro (*Pro Hac Vice*)
123 Justison Street
Wilmington, DE 19801
Tel:  (302) 622-7000
kevans@gelaw.com
smukiibi@gelaw.com
cagbiro@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel:  (415) 365-9585
egraham@gelaw.com

**GRANT & EISENHOFER P.A.**
Karin Fisch (*Pro Hac Vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel:  (646) 722-8512
kfisch@gelaw.com

**SALTZ MONGELUZZI AND BENDESKY**
Elizabeth A. Bailey (*Pro Hac Vice Forthcoming*)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: 215-575-3859
ebailey@smbb.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews
38 N. Court Street
Providence, RI 02903
Tel:  (401) 421-0966
peandrews@verizon.net

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*